SUAREZ, J.
 

 Antonio Pita, the former husband, appeals from a final order compelling his
 
 *1014
 
 compliance with a mediated marital settlement agreement. We affirm.
 

 The Marital Settlement Agreement specified that, in addition to $60,000 lump sum alimony, the former husband pay $575,000 to the former wife as consideration for her quitclaiming her one-half interest in the former husband’s commercial property. The parties agreed to make the Agreement contingent upon the husband securing new financing on the commercial property he retained and to make a good faith effort to obtain such financing. The Agreement did not require that the refinancing be for a specific dollar amount. The only requirement was that the former husband make a good faith effort to obtain new financing or a second mortgage.
 
 [1]
 
 The Agreement did include a 90-day period for fulfilling the financial requirements.
 

 While the former husband did attempt to obtain new financing he either failed to or refused to accept a loan approved within 90 days. When she learned of this, the former wife moved to enforce the Agreement. The former husband claimed the Agreement was not enforceable. He claimed the intent of the Agreement was that he be able to obtain $700,000 of financing which was the full amount he owed to the former wife. The trial court held an evidentiary hearing and found the financing clause was ambiguous, and correctly admitted extrinsic evidence to clarify the issue. After hearing testimony from the parties and from various witnesses for the former husband, the court concluded that the amount of financing to be secured by the former husband was not specified in the Agreement because both parties agreed that he had other sources of cash with which to satisfy his obligation to the former wife. The court found the only requirement was that he be able to obtain financing or a second mortgage. Evidence was that he could obtain, but refused, financing in the amount of $500,000. The court additionally found that the former husband had not fulfilled the “good faith effort” requirement of the Settlement Agreement when he refused to accept refinancing of less than his arbitrary amount of $700,000.
 

 Our standard of review is de novo because interpretation of a marital settlement agreement is a matter of law and we are on an equal footing with the trial court as interpreter of the written document.
 
 See Muir v. Muir,
 
 925 So.2d 356 (Fla. 5th DCA 2006). When a term in a marital settlement agreement is ambiguous or unclear, the trial court may consider extrinsic evidence as well as the parties’ interpretation of the contract to explain or clarify the language.
 
 Jones v. Treasure,
 
 984 So.2d 634 (Fla. 4th DCA 2008). The trial court properly held an evidentiary hearing, and allowed extrinsic evidence in the form of testimony from several witnesses, including both parties. The trial court found the former husband’s testimony not to be credible, and concluded that he could have, but did not, move toward satisfying the Settlement Agreement through means other than, or in addition to, refinancing the commercial property.
 

 We agree with the trial court’s conclusion that the Agreement was not invalid for failure to specify an amount certain for refinancing. The record further supports the conclusion that the former husband had the ability to comply with its terms; he did not act in good faith when he refused to accept financing on his commercial property for less than his total finan
 
 *1015
 
 cial obligation to the former wife, where the record shows that he had other resources available to make up the difference.
 

 Affirmed.
 

 [1]
 

 . “This Agreement is subject to the Husband being able to secure new financing or a second mortgage on the property that he is retaining. The Husband shall make a good faith effort to obtain the financing.”